IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC CRAFT,

    Plaintiff

v.

UNITED STATES OF AMERICA,

    Defendant

CIVIL NO. 3:CV-14-2277

(Judge Conaboy)

FILED
SCRANTON

DEC 17 2014

PER _____ DEPUTY CLERK

## MEMORANDUM
### Background

Eric Craft, an inmate presently confined at the United States Penitentiary, Beaumont, Texas (USP-Beaumont) initiated this pro se civil rights action. Named as sole Defendant is the United States of America. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 7. The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Plaintiff indicates that he is seeking monetary damages as well as injunctive and declaratory relief. See Doc. 1, p. 1. The Complaint asserts that Craft satisfies the case or controversy requirement because Assistant United States Attorney (AUSA) William Behe of the Middle District of Pennsylvania "seized, detained,

1

placed [him] under physical arrest and emotional restraint, jailed, caused stress and harm." Id. at p. 2. Craft indicates that he was the subject of a malicious prosecution because he was convicted under a criminal statute which was misapplied by AUSA Behe.

Plaintiff adds that he is also challenging the legality of the criminal statute underlying his conviction on the basis that it is unconstitutional. See id. at p. 4. Craft concludes that the invalidation of his conviction is an appropriate remedy for the violations of his constitutional rights. See id. at p. 8.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

### Injunctive and Declaratory Relief/Habeas Corpus

A review of the Court's electronic docket shows that Plaintiff pled guilty on September 12, 2002 to a charge of violating 18

2

U.S.C. § 924(j) causing the death of another by use of a gun during a drug trafficking offense before Judge William W. Caldwell of this Court. See United States v. Craft, No. 1:02-CR-11. AUSA Behe is listed as being one of the prosecuting attorneys in that matter. The Plaintiff is presently serving a 480 month term of incarceration which was imposed by Judge Caldwell on May 8, 2003.

As discussed above, the Complaint include factual assertions that Craft is being improperly confined and was subjected to an improper prosecution. In addition, as partial relief, Cooper seek his the dismissal of his underlying criminal conviction. It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present claims of illegal confinement and related requests to be released and have his criminal conviction overturned are not properly raised in a

civil rights complaint. Accordingly, those claims will be dismissed without prejudice to any right Craft may have to pursue said allegations via a federal habeas corpus petition.

**Monetary Damages/ Heck**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As previously noted, Craft's action raises claims that he was subjected to a malicious prosecution and that his criminal conviction should be overturned as unconstitutional. Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing federal confinement. There is no indication that Craft has successfully appealed or otherwise challenged either his federal criminal conviction.

Consequently, pursuant to Heck, Craft's instant Complaint to the extent that it seeks an award of monetary damages on the basis of illegal conviction and confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an

excessive imprisonment until the basis for the conviction and imprisonment is overturned.

**Conclusion**

Since Craft's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 15, 2014